# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ESTATE OF LAGANO,

                    Plaintiff,

v.

BERGEN COUNTY PROSECUTOR'S
OFFICE and MICHAEL MORDAGA, et
al.,

                    Defendants.

Civil Action No.: 12-CV-5441 (KSH) (CLW)


<u>OPINION & ORDER</u>


<u>**WALDOR, United States Magistrate Judge**</u>

This matter comes before the court upon a motion by Bergen County Prosecutor's Office ("BCPO"), to compel testimony of Robert Tandy, Esq., the late James Sweeney's ("Sweeney") counsel. (*See* Brief, ECF No. 225.) The Court heard oral argument on this matter on January 12, 2018 and, for the reasons set forth below, the Court denies the motion.

## I.      Background

Sweeney was an investigator for the New Jersey Attorney General's Office, but was fired and later alleged his firing was retaliation for reports he made regarding the murder of Frank Lagano. (Brief, at 1.) In September 2010, Sweeney filed a complaint (henceforth "Sweeney Complaint") against the State of New Jersey, the Attorney General's office and its subdivisions as well several past and present employees of the office.[1] (Brief, Exhibit A, ECF 225-3.) Robert Tandy ("Tandy") was Sweeney's attorney at the time the Complaint was drafted and it is the

---

[1] The Sweeny Complaint was voluntarily dismissed in 2011 when Sweeney died. (Opposition "Opp." Brief, ECF No. 234, at 1.)

BCPO's position that the Sweeney Complaint served "as the template for the complaint in this case," which was filed in August 2012. (Brief, at 1.)

Tandy was original deposed on May 11, 2017 by Plaintiff. At that time, Tandy's attorney invoked the attorney client privilege on his behalf with respect to communications with Sweeney. (Brief, at 1-2.) The BCPO now argues that Tandy should be required to "answer any and all questions" with respect to any of the allegations in the Sweeney complaint and produce "any documents which he obtained from any source related to the allegations in the Sweeney Complaint." (Brief, at 3.) Defendant's argument rests on the principle that "communications made with the intent that they be disclosed to third parties, or that actually are so disclosed, fall outside the attorney-client privilege." (Brief, at 2.) (citing *Westinghouse Elec. Corp. v. Republic of Phil.,* 951 F.2d 1414, 1427 (3d Cir. 1991.) The BCPO reasons that by filing the complaint Sweeney, if he were still alive, would have to answer questions at his deposition about the individual allegations in the Complaint.

Tandy fundamentally disagrees with the assertion "that filing the Complaint acted as a blanket waiver of the attorney-client privilege between Tandy and Sweeney." (Opp., at 2.) He distinguishes *Westinghouse* by noting that it dealt with whether "a party that disclosed information protected by the attorney-client privilege to cooperate with a government agency's investigation waived the privilege completely." (Opp., at 6.) Ultimately the Court determined that the "privilege had been waived, but only as to the documents disclosed to the SEC and DOJ." (*Id.*) Tandy also points out that once it is established that the attorney-client privilege is applicable, then "the burden shift[s] to the plaintiff to show that the privilege [has] been waived." (Opp., at 8.)

Additionally, Tandy debunks the argument that "information about Sweeney and his knowledge of the source material for his complaint" cannot be obtained from any other source,

pointing out "all documents in Tandy's possession from Sweeney have been provided to all counsel in this matter." (*Id.*) Notably Tandy argues that "[i]f the BCPO's argument is accepted, then the filing of a Complaint is a blanket waiver in every case and communications between counsel and plaintiffs is meaningless in the litigation context." (Opp., at 11.)

## II.    Legal Standard

Under Rule 26, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also In re Ex Parte Global Energy Horizons Corp.*, 647 F. App'x 83, 86 (3d Cir. 2016) (courts only allow "discovery [that] appears reasonably calculated to lead to the discovery of admissible evidence"). The privilege is narrowly construed and is meant to "protect *only* those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege." *Fisher v. United States,* 425 U.S. 391, 403 (1976). As such, "voluntary disclosure to a third party of purportedly privileged communications has long been considered inconsistent with an assertion of the privilege." *Westinghouse*, 951 F.2d at 1423–24. The idea being that "[i]f clients themselves divulge such information to third parties, chances are that they would also have divulged it to their attorneys, even without the protection of the privilege." *Id.*

The District Court of New Jersey in *Worthy v. City of Newark*—a civil rights action connected to an underlying criminal case—upheld an appeal of Magistrate Judge Schwartz's decision based on this principle. After several of the officers involved in his arrest were indicted, the defendant submitted a motion for a new trial in criminal court and was released from prison. In the New Trial Motion papers the defendant indicated that he told his attorney he had been setup, that no robbery took place, and that he never possessed a weapon. *Worthy v. City of Newark*, No. 05-2115, 2008 WL 413309, at *1 (D.N.J. Feb. 13, 2008). The Defendants in the civil action

wanted to depose the attorney from the criminal case because they believed the New Trial Motion papers contained falsehoods regarding the communications the criminal defendant actually had with his attorney. Those falsehoods were relevant to the civil rights action where defendant claimed the police fabricated the evidence presented to the prosecutor's office for his arrest. *Id.*

Judge Schwartz ordered the defendant's attorney to reveal certain information about communications he had with his client based on the defendant waiving the privilege when he submitted the New Trial Motion papers. *Worthy,* 2008 WL 413309, at *2. Specifically, finding that "once a client has revealed privileged information to a third party, the basic justification for the privilege no longer applies" and that the defendant's New Trial Motion did just that.

The District Judge deciding the appeal went further stating, "none of the material he disclosed is protected by the attorney-client privilege, and none of the same is immune from discovery by the usual methods." *Worthy,* 2008 WL 413309, at *3. In ruling on the appeal of Judge Schwartz's decision the Court indicated that having the attorney complete a certification did not go far enough under Rule 26(b)(1). *Id.* at *3. The Court noted that "[t]he risks of navigating around privileged information are outweighed by the importance of achieving the FRCP's policy objectives by according a broad and liberal treatment of the discovery rules." *Id.* at *3. The Court ruled the attorney be deposed, but indicated the attorney could object to any questions pertaining to "subjects protected by the attorney-client privilege . . . [those] not waived by [Defendant's] New Trial Motion." *Id.* Critical to the District Judge's decision was the need to "foster fact-finding" under Rule 26(b)(1).

This decision in *Worthy* speaks to a longer history of jurisprudence in the Third Circuit with respect to the attorney-client privilege and potential third-party waiver. The Eastern District of Pennsylvania dealt with a similar issue when plaintiff asserted attorney-client privilege at his

deposition "when asked for information concerning allegations in his complaint." *Fried v. Sungard Recovery Servs.*, 164 F.R.D. 405, 406 (E.D. Pa. 1996). The Court denied the motion to compel testimony from plaintiff's attorney because "the deponent lawyer was [not] an actual witness to the events underlying the action" and thus did not possess "first-hand information relevant to the action." *Id*. The Court left the door open if the movant could "demonstrate that Plaintiffs' counsel possesses factual information that [] cannot [be] gather[ed] from the actual witnesses." *Id*. at 406.

This decision is consistent with similar circumstances when the Court has allowed an attorney to be deposed where the attorney is a fact witness. *Musko v. McCandless*, No. 94-3938, 1995 WL 580275, at *1 (E.D. Pa. Sept. 29, 1995) (allowing plaintiff's counsel to be deposed when attorney was present for a doctor examination that resulted in plaintiff's contested commitment to a mental hospital and the doctor's conduct was at issue). Courts have consistently found that the "deposition of the attorney may be both necessary and appropriate where the attorney may be a fact witness, such as an actor or viewer . . . rather than one who was not a party to any of the underlying transactions giving rise to the action." *Johnston Dev. Grp., Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352 (D.N.J. 1990) (internal citations omitted).

Courts treat the preclusion of attorney depositions the same "as any other protective order motion, with the movant bearing the burden of persuasion under Rule 26(c)." *Johnston*, 130 F.R.D. at 353. In situations such as this one where a party files a motion to compel and the opposition "essentially requests a protective order to bar the requested depositions . . . the burden falls on" the respondent to satisfy the showing of "undue burden" or "oppression." *Younes v. 7-Eleven, Inc.*, No. 13-3500, 2015 WL 12843884, at *2 (D.N.J. Mar. 11, 2015). So long as movant has, in the first instance, shown that the "deponent[] possess[es] relevant knowledge." *Id*.

## II.     Discussion

This Court need not reach the issue of "undue burden" or "oppression" because there has been no showing that Tandy possess relevant knowledge as a fact-finding witness in accordance with the case law.  BCPO correctly recites the case law for the proposition that disclosure to a third-party works to waive the attorney-client privilege.  But no case law to date has construed the filing of a complaint as a blanket waiver for all communications between an attorney and his or her client.  Rather as outlined herein, if a complaint makes specific allegations about what an attorney has said or heard that puts the attorney's deposition at issue as a fact witness.  If an attorney is a first-hand witness to specific incidents or conversations that are part of the factual allegations underlying the complaint that may make the attorney a fact witness.

The BCPO has made no showing that any of these scenarios are applicable in the case.  No claims have been made in the papers or through oral argument that Tandy was the sole witness to specific allegations or conversations alleged in the Complaint.  To the contrary, counsel for the BCPO indicated that there would be "no need to call Tandy if Sweeney[] [were] alive." (Transcript of Oral Argument, ECF No. 267, at 28.)  While the privilege is meant to be narrowly construed, it is also the client's alone to waive.  There is no evidence that Sweeney waived that privilege or that his death would work to waive that privilege.

The facts of this case are closely analogous to *Fried* and this Court finds that case instructive.  Tandy was not a first-hand witness to the events underlying this action or the Sweeney Complaint and thus does not possess relevant first-hand knowledge.  Certainly if those circumstances were to change, the BCPO could reassert its motion.  At this point, the BCPO has not presented any evidence that Tandy has any relevant information.  Merely being the conduit for his client to bring a complaint that may be relevant to this litigation is not sufficient.  An attorney's role must be more than purely speculative to warrant his or her deposition.

**ORDER**

**ACCORDINGLY, IT IS** on this 13th day of March, 2018,

**ORDERED** the BCPO Motion to Compel is denied; and

**FURTHER ORDERED** that the Clerk shall terminate ECF No. 224.



_s/Cathy L. Waldor_

**CATHY L. WALDOR**
**United States Magistrate Judge**